JUDGE FORREST

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

DIAGA NIANG,

                            Plaintiff,

    -v-

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY; PORT AUTHORITY
POLICE OFFICERS V. ROSADO and JOHN DOE,

                            Defendants.
---------------------------------------------------------------x

15 CV 3983

**COMPLAINT
AND DEMAND
FOR A JURY TRIAL**

Index No. 15-CV-____



Plaintiff DIAGA NIANG, by his attorney MARK C. TAYLOR of Rankin & Taylor, PLLC, as and for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, and pendant claims through the Constitution and laws of the State of New York.

2. Plaintiff DIAGA NIANG's rights were violated when officers of the PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT ("PAPD") unconstitutionally detained and arrested plaintiff and caused him to be prosecuted despite the absence of probable cause. By reason of defendants' actions, including their malicious prosecution and unlawful searches and seizures, plaintiff was deprived of his constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## NOTICE OF CLAIM

7. Plaintiff filed a Notice of Claim with the Port Authority of New York and New Jersey within 90 days of the accrual of the malicious prosecution claim. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

8. Plaintiff DIAGA NIANG is, and was at all times relevant to this action, a resident of the County of New York in the State of New York.

9. Defendant PORT AUTHORITY OF NEW YORK AND NEW JERSEY ("PORT AUTHORITY") is a bi-state port district established in 1921 pursuant to an interstate compact between New York and New Jersey. It is authorized by law to maintain a police department, the PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT ("PAPD") which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant PORT AUTHORITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the PORT AUTHORITY.

10. PAPD Officer ROSADO and PAPD Officer DOE are and were at all times relevant herein, officers, employees and agents of the PAPD. Officer ROSADO and Officer DOE are being sued herein in their individual capacities.

11. At all times relevant herein, Officer ROSADO and Officer DOE were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the PAPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the PAPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the PAPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the PAPD.

12. Officer ROSADO's and Officer DOE's acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

## STATEMENT OF FACTS

13. Plaintiff NIANG was falsely arrested on March 23, 2014, by PAPD Officer V. ROSADO and Officer JOHN DOE, in front of 625 Eighth Avenue, at approximately midnight, while Mr. NIANG was taking a short break from his taxi shift, in compliance with Taxi and Limousine Commission Rules.

14. At approximately midnight Mr. NIANG was taking a short meal break from his shift as a taxi driver which had started at 5 p.m. the previous day.

15. Mr. NIANG took this break in compliance with applicable TLC regulations, which expressly permitted him to park his cab in the cab stand in front of the Port Authority Bus Terminal.

16. While Mr. NIANG was standing next to his cab, Officer ROSADO approached him and in sum and substance told him: "GET THE FUCK OUT OF HERE" and "I DON'T WANT TO SEE YOUR FACE HERE."

17. Mr. NIANG told Officer ROSADO, "I KNOW MY RIGHTS."

18. Officer ROSADO and Officer JOHN DOE handcuffed Mr. NIANG.

19. Officer ROSADO and Officer JOHN DOE took Mr. NIANG to the Port Authority Police Command where he was detained for approximately two hours.

20. Mr. NIANG was released with a summons charging him with committing Disorderly Conduct, NY Penal Law Section 240.20, completed by Officer ROSADO.

21. The summons did not specify which subsection of the disorderly conduct statute Mr. NIANG purportedly violated.

22. No reasonable officer would have believed that Mr. NIANG had committed disorderly conduct, as Mr. NIANG did not engage in activity proscribed by any section of the disorderly conduct statute and in fact was taking a break as expressly approved in the Taxi and Limousine Commission Rules and Regulations.

23. The Criminal Court information written by PO ROSADO on the back of the summons does not describe any illegal behavior by Mr. NIANG.

24. The summons was dismissed on June 10, 2014.

25. Upon information and belief, P.O. ROSADO also retaliated against Mr. NIANG by issuing him two baseless PAPD TLC Complaints alleging that he failed to "cooperate with enforcement" and that his "right top signal light" was not in "good working order."

26. Both of these complaints were dismissed by the Taxi and Limousine Tribunal on May 28, 2014.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
(Against the individual defendants)

27. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

28. By their conduct and actions in falsely arresting plaintiff, defendants P.O. ROSADO and P.O. DOE, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by the Fourth, and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person, including the excessive use of force; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment, meaning wrongful detention without good faith, reasonable suspicion or legal justification, and of which plaintiff was aware and did not consent; (d) freedom from the lodging of false charges against him by police officers; (e) freedom from having police officers fabricate evidence against him; (f) freedom from malicious prosecution by police, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in plaintiff's favor; (g) freedom from retaliatory prosecution; (h) freedom from abuse of process; (i) freedom from deprivation of liberty without due process of law; and (j) the enjoyment of equal protection, privileges and immunities under the laws.

29. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM
## RESPONDEAT SUPERIOR LIABILITY OF
## THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY
## FOR VIOLATIONS OF THE LAWS OF THE STATE OF NEW YORK

30. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

31. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as PAPD officers, and/or while they were acting as an agent and employee of defendant PORT AUTHORITY, clothed with and/or invoking state power and/or authority, and, as a result, defendant PORT AUTHORITY is liable to Mr. NIANG pursuant to the state common law doctrine of respondeat superior.

32. As a result of the foregoing, Mr. NIANG was deprived of his liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, economic damage, including lost wages, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM
## FALSE ARREST AND FALSE IMPRISONMENT
## UNDER THE LAWS OF THE STATE OF NEW YORK

33. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

34. By the actions described above, defendants caused to be falsely arrested or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

35. The conduct of the officer defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as PAPD officers, and/or while they were acting as agents and employees of defendant PORT AUTHORITY, clothed with and/or invoking state power and/or authority, and, as a result, defendant PORT AUTHORITY is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

36. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## FORTH CLAIM
## ABUSE OF PROCESS
## UNDER THE LAWS OF THE STATE OF NEW YORK

37. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

38. By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm the plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to the plaintiff, which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

39. As a result of the foregoing, the plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM
## MALICIOUS PROSECUTION
## UNDER THE LAWS OF THE STATE OF NEW YORK

40. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

41. By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

42. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

43. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

   a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

   b. That he be awarded punitive damages against the individual NYPD defendants; and

   c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

   d. For such other further and different relief as to the Court may seem just and proper.

Dated:   New York, New York
         May 20, 2015

                                         Respectfully submitted,

                               By:       /s/ Mark C. Taylor
                                         Mark C. Taylor
                                         Rankin & Taylor, PLLC
                                         11 Park Place, Suite 914
                                         New York, New York 10007
                                         t: 212-226-4507

                                         *Attorneys for the Plaintiff*