```
UNITED STATES DISTRICT COURT              USDC SDNY
SOUTHERN DISTRICT OF NEW YORK             DOCUMENT
------------------------------------- X   ELECTRONICALLY FILED
                                      :   DOC #: _____
DIAGA NIANG,                          :   DATE FILED: March 3, 2016
                                      :
                          Plaintiff,  :
                                      :
            -v-                       :   15-cv-3983 (KBF)
                                      :
THE PORT AUTHORITY OF NEW YORK AND    :   MEMORANDUM
NEW JERSEY; PORT AUTHORITY POLICE     :   DECISION & ORDER
OFFICERS V. ROSADO and JOHN DOE,      :
                                      :
                         Defendants.  :
                                      :
------------------------------------- X
```

KATHERINE B. FORREST, District Judge:

In this case plaintiff Diaga Niang asserts a number of federal and state claims against defendant Port Authority Police Officer V. Rosado, an employee of defendant Port Authority of New York and New Jersey. These claims stem from Officer Rosado's March 23, 2014 arrest of Niang and subsequent issuance of summons. (Compl.[1] ¶ 13; Pl.'s 56.1[2] ¶¶ 5, 6, 11, 12.)

Now before the Court is defendants' motion for summary judgment. (ECF No. 20.) Federal Rule of Civil Procedure 56(a) instructs the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of demonstrating "the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On summary

---
[1] The Complaint is available as ECF No. 1.
[2] Plaintiff's Local Rule 56.1 Response in Opposition to Motion for Summary Judgment is available as ECF No. 28.

judgment, the Court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010). The Court's function on summary judgment is to determine whether there exist any genuine issues of material fact to be tried, not to resolve any factual disputes. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

The Court assumes the reader's familiarity with the facts, as set forth in the parties' Local Rule 56.1 statements and the declarations and exhibits each side submitted. (ECF Nos. 21-22, 27-30.) For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

Defendants' motion for summary judgment is GRANTED as against plaintiff's claims for false arrest/false imprisonment under New York law (count three) and abuse of process under New York law (count four). Defendants' opening brief in support of their motion for summary judgment argued that plaintiff's suit, which was filed May 22, 2015, fell outside the one-year statute of limitations that N.Y. C.P.L.R. § 215(3) makes applicable to these counts. (ECF No. 23, at 4-5.) Plaintiff's opposition did not contest this argument, and therefore summary judgment is appropriate. See, e.g., Douglas v. Victor Capital Grp., 21 F. Supp. 379, 393 (S.D.N.Y. 1998).

Defendant's motion for summary judgment is similarly GRANTED as against plaintiff's claims for a violation of his purported constitutional right to be free of "having police officers fabricate evidence against him," "malicious prosecution by

2

police,"[3] "retaliatory prosecution," "abuse of process," and "deprivation of liberty without due process of law" under 42 U.S.C. § 1983 (count one). Plaintiff's opposition did not seek to counter the defendants' arguments that they were entitled to judgment as a matter of law as to these claims.

Defendants' motion for summary judgment is DENIED as against the rest of plaintiff's claim for a violation of constitutional rights under 42 U.S.C. § 1983 (count one). The Court agrees with defendants' assessment that "the issue to be resolved is whether Rosado had probable cause to issue the summonses to Niang and whether the issuance of the summonses resulted in a denial of federal Constitutional or legal rights to him." (ECF No. 23 at 9.)

There are questions of material fact as to whether Officer Rosado had probable cause to issue the summonses, one of which was for failing to cooperate with a law enforcement officer (35 R.C.N.Y. §§ 54-12(J)(1) and (2)), another of which was for having equipment out of order (35 R.C.N.Y. § 58-30(A)), and the third of which was for disorderly conduct, possibly on the theory that Niang had obstructed vehicular or pedestrian traffic (N.Y. Penal Law § 240.20). Defendants claim that plaintiff refused Officer Rosado's order to move. (ECF No. 22 ¶ 8.) Plaintiff claims that he attempted to comply with Officer Rosado, who issued inconsistent orders, and that his equipment was in working order. (ECF No. 28 ¶ 8.) Defendants cite

---

[3] As discussed below, defendants' motion for summary judgment is granted as to plaintiff's § 1983 malicious prosecution claim, but not as to his malicious prosecution claim under New York law (count five).

the deposition testimony of Officer Rosado, while plaintiff cites his own. This material question of fact is not amenable to summary judgment.

Defendant's motion for summary judgment is also DENIED as against plaintiff's claim for malicious prosecution under New York law (count five). "To establish a malicious prosecution claim under New York law, a plaintiff must prove '(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" Manganiello v. City of New York, 612 F.3d 149, 161 (2d Cir. 2010) (quoting Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997)). Defendants contest plaintiff's ability to prove the second and third elements. (ECF No. 31, at 7-8.)

As to the third element, as discussed above, probable cause in this case presents a question of material fact. As to the second element, defendants' argument that only a proceeding that reached "the question of whether Niang was guilty of the offenses charged in the summonses" could establish a termination in Niang's favor is flatly contradicted by the Second Circuit's decision in Stampf v. Long Island Railroad Co., 761 F.3d 192 (2d Cir. 2014). As that Court noted, there is no requirement that a "plaintiff must demonstrate innocence in order to satisfy the favorable termination prong of the malicious prosecution action" under New York law. Id. at 201 (quoting Smith-Hunter v. Harvey, 734 N.E.2d 750, 755 (N.Y. 2000)). Indeed, such a rule would obstruct "the cases where the accusations had the least substance," and were therefore "most likely to be abandoned by the prosecution

4

without pursuing them to judgment." Id. The fact that the summonses in this case were dismissed due to legal insufficiency and Officer Rosado's absence from the TLC hearing does not demonstrate that defendants are entitled to judgment as a matter of law.

Finally, Officer Niang is not entitled to qualified immunity as a matter of summary judgment. Whether Officer Niang had arguable probable cause to arrest the plaintiff, see Garcia v. Doe, 779 F.3d 84, 92 (2d Cir. 2014), cannot be determined from the undisputed record. It therefore remains a question of material fact.

The trial in this matter is currently scheduled to begin on April 4, 2016, and take two days before a jury. (ECF No. 11.) That date now presents a conflict for the Court. The parties shall confer and inform the Court which of the following trial dates they prefer:

- **Monday, April 25, 2016**, with final pretrial conference Friday, April 22, 2016 at 9:00 a.m.

- **Monday, June 13, 2016**, with final pretrial conference Friday, June 10, 2016 at 9:00 a.m.

SO ORDERED.

Dated: New York, New York
March 3, 2016

_____
KATHERINE B. FORREST
United States District Judge